IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DELTA ASPHALT, INC., and**
**SOUTHERN ILLINOIS ASPHALT**
**COMPANY, INC.,**

**Plaintiffs,**

**v.**

**TRAVELERS CASUALTY & SURETY**
**COMPANY,**

**Defendant.**                                       **No. 05-CV-0543-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

### I. <u>Introduction and Background</u>

Pending before the Court is Plaintiffs' motion to remand (Doc. 11). Specifically, Plaintiffs argue that the Court should exercise its broad discretion under the Declaratory Judgment Act and ***Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)**, and remand this insurance coverage case because it concerns controversial issues of Illinois law. Defendant opposes the motion asserting that under ***Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)**, that federal courts do not have discretion to remand actions for money damages (Doc. 16). Based on the pleadings, the applicable law and the following, the Court finds that removal was proper, that the Court has subject matter jurisdiction over Plaintiffs' cause of action and denies Plaintiffs' motion.

On June 21, 2005, Plaintiffs, Delta Asphalt, Inc., and Southern Illinois Asphalt Company, Inc., filed this three- count Amended Complaint against Travelers Casualty & Surety Company ("Travelers") in the Circuit Court of Madison County, Illinois (Doc. 2).[1]  Plaintiffs are highway and paving contractors with operations in Illinois and Missouri.  The Amended Complaint seeks a declaration (Count I) that Travelers owed Plaintiffs a duty to defend and indemnify certain costs associated with an asbestos bodily injury suit brought against Plaintiffs arising out of an exposure to asbestos fibers in Mt. Vernon, Illinois, ***Gray v. Union Carbide Corp., et al.*, 02 L 488**.[2]  The Amended Complaint also contains breach of contract claims (Counts II and III) seeking reimbursement for defense and indemnity costs incurred in the underlying state court action against Plaintiffs.  Further, the Amended Complaint seeks compensatory damages of at least $308,155.00 arising out of Travelers alleged breach.  The Amended Complaint alleges that Delta Asphalt is a Missouri corporation with its principal place in Cape Girardeau County, Missouri; that Southern Illinois Asphalt Company, Inc., is an Illinois Corporation with its principal place of business in Williamson County, Illinois; and that Travelers is an insurance company organized under the law of Connecticut.

On August 3, 2005, Travelers removed the case to this Court based on diversity jurisdiction, **28 U.S.C. § § 1332, 1441** (Doc. 1).   Thereafter, Plaintiffs

---

[1] Originally, Plaintiffs filed suit against Travelers and Continental Casualty Company.  Prior to the removal of this action, Plaintiffs filed an Amended Complaint that did not include Continental Casualty Company as a Defendant.

[2] The ***Gray*** case settled on or about May 12, 2003.

moved to remand arguing that based on the United Supreme Court's decision in *Wilton* the Court should abstain from exercising its jurisdiction under the Declaratory Judgment Act to hear an insurance coverage dispute involving purely issues of state law.[3] Travelers counters that *Wilton* and its progeny are inapplicable and inapposite to the facts of this case. Travelers further counters that under *Quackenbush*, federal courts do not have broad discretion based on abstention principles to remand actions that seek monetary damages. The Court agrees with Travelers.

## II. Analysis

Generally, federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Qauckenbush*, **517 U.S. at 716**. However, federal courts should forego jurisdiction in declaratory judgment actions when considerations of judicial economy overwhelm. *Wilton*, **515 U.S. at 288**. Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. **See 28 U.S.C. § 2201(a)**. In *Wilton*, the Supreme Court, relying on the language of the Act itself as well as the Court's earlier decision in *Brillhart v. Excess Ins. Co. of America*, **316 U.S. 491 (1942)**, stated that the Act has been understood to confer on federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants. *Wilton*, **515 U.S. at 286**. The

---

[3]The Court notes that Plaintiffs do not contest that the Court has subject matter jurisdiction over their claims pursuant to the diversity statute, **28 U.S.C. § 1332**.

Court characterized the Act as enabling one which confers a discretion on the courts rather than an absolute right on a litigant. ***Id.* at 287**. Thus, the propriety of declaratory relief in a given case depends upon a circumspect sense of its fitness informed by the teachings and experience concerning the function and the extent of federal judicial power. ***Id***. Consequently, a federal court has a "unique breadth of ... discretion to decline to enter a declaratory judgment." ***Id***.

"Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief sought is equitable or otherwise discretionary. Because this was a *damages* action, we conclude that the District Court's remand order was an unwarranted application under the *Bruford* doctrine." ***Quackenbush*, 517 U.S. at 731 (emphasis added)**. Since ***Quakenbush***, Circuit Courts have ruled unanimously that a district court lacks authority to remand or dismiss claims for damages that are within its subject matter jurisdiction. **See *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000); *General Star Indem. Co. v. Anheuser-Busch Co.*, 199 F.3d 1322 (2nd Cir. 1999); *In re United States Brass Corp.*, 110 F.3d 1261, 1267 (7th Cir. 1997); *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996).**

Here, Plaintiffs seek declaratory judgment in Count I and compensatory damages of at least $308,155.00 in Counts II and III for breach of contract. Thus, under ***Quackenbush***, the Court finds that it does not have discretion to remand

Plaintiffs' common law claims for breach of contract. Counts II and III are properly before the Court based on diversity jurisdiction, **28 U.S.C. §§ 1332, 1441**. Further, the Court declines to remand Count I, the declaratory judgment claim.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' motion for remand (Doc. 11).

**IT IS SO ORDERED.**

Signed this 26th day of October, 2005.

<u>/s/          David RHerndon</u>
**United States District Judge**